UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
May 06, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
         DEPUTY

| | |
|---|---|
| **MARTIN PEREZ,** § | |
| **TDCJ No. 02389736,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-24-CA-01240-OLG |
| § | |
| **ERIC GUERRERO,**[1] **Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Martin Perez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Eric Guerrero's Answer (ECF No. 10). In his § 2254 petition, Petitioner challenges the constitutionality of his 2022 state court conviction for driving while intoxicated, arguing, among other things, that (1) his sentence was improperly enhanced and exceeds the statutory maximum, and (2) he received ineffective assistance from his trial counsel. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

---

[1]  The previous named Respondent in this action was Bobby Lumpkin. In December 2024, Eric Guerrero succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

## I. Procedural History

In March 2022, a Wilson County jury convicted Petitioner of driving while intoxicated (third or more offense) and sentenced him to thirty years of imprisonment. *State v. Perez*, No. CRW-2103070 (81st/218th Dist. Ct., Wilson Cnty., Tex. Mar. 28, 2022).[2] The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Perez v. State*, No. 04-22-00205-CR, 2023 WL 3331097 (Tex. App.—San Antonio, May 10, 2023, no. pet.).[3] After being denied an extension of the statutory time limit, Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[4]

Instead, Petitioner challenged the constitutionality of his state court conviction by filing an application for state habeas corpus relief on May 5, 2024, at the earliest.[5] *Ex parte Perez*, No. 95,796-01 (Tex. Crim. App.).[6] The Texas Court of Criminal Appeals denied the application without a written order on September 4, 2024.[7] Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on October 22, 2024.[8]

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

---

[2]    ECF No. 11-9 at 45-47 (Judgment).

[3]    ECF No. 11-8.

[4]    ECF No. 11-11; *see also* http://www.search.txcourts.gov, search for "Perez, Martin" last visited April 30, 2025.

[5]    Because of Petitioner's *pro se* status, the prison mailbox rule applies to his state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[6]    ECF No. 11-17 at 42-62 (application).

[7]    ECF No. 11-15 (action taken).

[8]    ECF No. 1 at 17.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final June 9, 2023, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, June 10, 2024.[9] Because Petitioner did not file his § 2254 petition until October 22, 2024—over four months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.   **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

---

[9]   Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the constitutionality of his state court conviction in a state habeas application filed May 5, 2024, which was eventually denied by the Texas Court of Criminal Appeals on September 4, 2024. Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 123 days, making his federal petition due on October 11, 2024. Again, he did not file the instant § 2254 petition until October 22, 2024, eleven days past the limitations period.

B.   **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the limitations period, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not

rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's conviction was affirmed on direct appeal in May 2023 and his request for an extension of time to file a PDR was denied in September 2023, yet Petitioner filed nothing until May 2024 when he executed his state habeas corpus application challenging his conviction and sentence. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited another seven weeks after the Texas Court of Criminal Appeals denied his state habeas application in September 2024 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of

5

the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by eleven days. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Martin Perez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___6___ day of May, 2025.

                    **ORLANDO L. GARCIA**
                    **United States District Judge**